UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JAMES HULCE, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>ZIPONGO, INC. d/b/a FOODSMART,<br><br>    Defendant. | Case No. 2:23-cv-00159-LA |

## DEFENDANT ZIPONGO, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Zipongo, Inc. d/b/a Foodsmart ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff James Hulce's Class Action Complaint ("Complaint") as follows:[1]

### Preliminary Statement[2]

1. Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

---

[1] In filing this Answer, Defendant does not waive any of its defenses, including its right to contest this Court's jurisdiction and to compel arbitration.

[2] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

4. Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraphs 51 and 52 of the Complaint. Defendant also denies any wrongdoing and denies that this matter could ever be maintained as a class action. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint and, therefore, denies them.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

**Parties**

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies them.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

**Jurisdiction & Venue**

8. The jurisdictional allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that this Court has subject matter jurisdiction over this action, including because Plaintiff lacks standing and because this matter may be subject to arbitration.

9. The venue allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**The Telephone Consumer Protection Act**

10. Defendant admits Congress initially enacted the TCPA in 1991. Defendant denies all other allegations in paragraph 10 of the Complaint. Defendant further states that the Public Law allegedly quoted in paragraph 10 of the Complaint speaks for itself and denies all allegations inconsistent therewith.

The National Do Not Call Registry

11. The allegations in paragraph 11 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation cited in paragraph 11 speaks for itself and further denies all allegations inconsistent therewith.

12. The allegations in paragraph 12 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation allegedly quoted in paragraph 12 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

13. The allegations in paragraph 13 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the statute and regulation cited and allegedly quoted in paragraph 13 the Complaint speak for themselves and further denies all allegations inconsistent therewith.

The TCPA's Internal Do Not Call List Requirements

14. The allegations in paragraph 14 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation cited in paragraph 14 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

15. The allegations in paragraph 15 (including its subparagraphs) of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation cited and allegedly quoted in paragraph 15 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

3

16. The allegations in paragraph 16 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation cited in paragraph 16 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

17. The allegations in paragraph 17 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. The allegations in paragraph 18 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the regulation cited and allegedly quoted in paragraph 18 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

**Factual Allegations**

19. Defendant admits that it provides free nutrition coaching services to CCHP members. Except as expressly admitted herein, Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

Calls to Mr. Hulce

21. The allegations in paragraph 21 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to be an individual but denies all remaining allegations in paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies them.

24. Defendant admits the allegations in paragraph 24 of the Complaint that Defendant partners with health plans such as CCHP to offer Defendant's services to the plan's members. Defendant denies that it engages in telemarketing and further answers that Defendant's services are free to CCHP members.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies them.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and, therefore, denies them.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies them.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies them.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies them.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and, therefore, denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies them.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and, therefore, denies them.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

**Foodsmart's Vicarious Liability for Voice Calls[3]**

40. The allegations sin paragraph 40 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the Federal Communications Commission ("FCC") record allegedly quoted in paragraph 40 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

41. The allegations in paragraph 41 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the FCC record allegedly quoted in paragraph 41 the Complaint speaks for itself and further denies all allegations inconsistent therewith

42. The allegations in paragraph 42 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required,

---

[3] Defendant specifically denies the allegation in this heading that it is vicariously liable for voice calls.

Defendant states that the FCC record allegedly quoted in paragraph 42 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

43. The allegations in paragraph 43 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the FCC record allegedly quoted in paragraph 43 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 of the Complaint regarding Defendant's "agents" is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the FCC record allegedly quoted in paragraph 49 the Complaint speaks for itself and further denies all allegations inconsistent therewith.

## Class Action Allegations

50. Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraphs 51 and 52 of the Complaint. Defendant denies all remaining allegations in paragraph 50 of the Complaint, including that the action or the class is authorized by Rule 23 of the Federal Rules of Civil Procedure or any other authority.

51. Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraphs 51 and 52 of the Complaint. Defendant denies the remaining allegations in paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraphs 51 and 52 of the Complaint. Defendant denies the remaining allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint, including subparagraphs a through f.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint and, therefore, denies them.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the national Do Not Call Registry Class and the Do Not Call Class[4]**

---

[4] Defendant admits that Plaintiff purports to bring his alleged cause of action under the statutes and regulations cited in this heading and on behalf of the classes described in paragraphs

64. Defendant incorporates by reference all of its foregoing responses as if fully set forth herein.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

68. Defendant denies the allegations in paragraph 68 of the Complaint and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including each and every allegation in the subparagraphs on page 13 of the Complaint, and specifically denies that Defendant violated the TCPA or any regulations in any manner whatsoever and that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, or any other relief whatsoever.

**JURY DEMAND**

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

**<u>GENERAL DENIAL</u>**

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

---

51 and 52 of the Complaint. Defendant denies the allegation that it violated the TCPA and denies any suggestion that a class is appropriately certified.

# AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to allege sufficient facts to show that Defendant made any "telephone solicitations" or "telemarketing" calls because Defendant's services are free for CCHP members, Plaintiff and the putative class members had an established business relationship with CCHP and Defendant, and Plaintiff and the putative class members granted their prior express invitation, permission, and consent for CCHP and Defendant to call and text them.

## SECOND AFFIRMATIVE DEFENSE

### (Subject to Terms of Service, Including Consent and Arbitration)

To the extent that Plaintiff and the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Prior Express Consent for Non-Marketing Calls)

Plaintiff and the putative class members are barred from asserting their claims because the alleged calls and texts at issue qualify as non-marketing or non-advertising messages, and Plaintiff

and the putative class members were only messaged on the phone numbers they provided to CCHP in connection with their accounts.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over Defendant and because venue is improper in this Court (including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving messages like those referenced in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

11

## EIGHTH AFFIRMATIVE DEFENSE

## (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## NINTH AFFIRMATIVE DEFENSE

## (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called and texted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

## TENTH AFFIRMATIVE DEFENSE

## (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the alleged calls at issue are not fairly traceable to any violation allegedly committed by Defendant, pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). That is particularly true here, given that he and/or others voluntarily provided their numbers and addresses for the purpose of receiving messages like those referenced in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fault of Third Parties)

To the extent that the Complaint states a claim, third parties or Plaintiff himself caused or were responsible for the alleged harm.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Ratification)

Defendant did not ratify any of the conduct of which the Complaint complains and cannot be held liable for it.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiffs are excessive.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

## NINETEENTH AFFIRMATIVE DEFENSE

## (Established Business Relationship)

Any and all claims brought in the Complaint are barred because Plaintiff had an established business relationship with the Defendant and CCHP at all relevant times.

## TWENTIETH AFFIRMATIVE DEFENSE

## (Good Faith; Reasonable Practices)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

### Prayer for Relief

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Dated: April 17, 2023

Respectfully submitted,

/s/ Ryan D. Watstein
Ryan D. Watstein
WATSTEIN TEREPKA LLP
1055 Howell Mill Rd. 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-0695
E-mail: ryan@wtlaw.com

Maria DelPizzo Sanders
State Bar No. 1031037
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414.221.6652
E-mail: maria.sanders@vonbriesen.com

*Attorneys for Defendant Zipongo, Inc. d/b/a Foodsmart*

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 17th day of April, 2023, I electronically filed the foregoing document in the United States District Court for the Eastern District of Wisconsin, with notice of same being electronically served by the CM/ECF system, to all attorneys of record.

              /s/ Ryan D. Watstein