UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES C. HULCE, *individually and on behalf of a class of all persons and entities similarly situated*,

    Plaintiff,

v.

ZIPONGO, INC. d/b/a FOODSMART,

    Defendant.

Case No. 2:23-cv-00159-LA

## JOINT REPORT OF RULE 26(F) MEETING

Defendant Zipongo, Inc. d/b/a Foodsmart and Plaintiff James C. Hulce jointly submit this report in accordance with Federal Rule of Civil Procedure 26(f).

1. **General Nature of the Case**

*Plaintiff's Position*: Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to regulate telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that Defendant sent him and other putative class members telemarketing calls for purposes of promoting their goods and services without their prior express written consent, despite the fact that their telephone numbers were listed on the National Do Not Call Registry as well as seeking to represent a class of individuals that received multiple solicitations after they requested to no longer receive calls.

The Plaintiff's putative class period is for any calls that were sent from four years prior to the filing of the complaint forward, which is the TCPA's statute of limitations. The proposed classes are below:

**National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Foodsmart (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**Do Not Call Class**: All persons in the United States whose, (1) telephone numbers have previously been provided to Foodsmart or its agents in connection with a request to no longer be called (2) but received at least two telephone solicitations from or on behalf of Foodsmart in a twelve month period (3) promoting Foodsmart (4) including at least one telephone solicitation from or on behalf of Foodsmart more than 30 days after requesting to no longer be called (5) from four years prior to the filing of the Complaint.

*Defendant's Position*: This is a putative TCPA class action alleging that Plaintiff received unsolicited telemarketing calls despite being registered on the National Do Not Call ("DNC") Registry. But none of the calls at issue in this suit were telemarketing calls. Foodsmart instead provided individuals, through their affiliated health-care plans, access to free informational healthcare materials, which are not telemarketing calls because Foodsmart was not attempting to sell anything. This alone dooms Plaintiff's individual and class claims and warrants the phased discovery schedule, as agreed by the parties, and as explained below (*infra* Section 4.B).

2. **Initial Disclosures:** <u>The parties agree to exchange initial disclosures by June 14, 2023.</u>

3. **Date of Rule 26(f) Conference**

The Rule 26(f) conference was held on April 20, 2023 and was attended by Anthony Paronich for the Plaintiff and Ryan Watstein for the Defendant.

4. **Subjects of Discovery**

   A. *Plaintiff's Proposed Subjects of Discovery*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such

as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

However, in large part due to the fact that the Defendant has secured written confirmation that the putative class calling data has been preserved, the Plaintiff has agreed to focus the initial discovery period will focus exclusively on whether or not the calls at issue were telemarketing. Indeed, the Plaintiff disagrees that in almost any situation bifurcated discovery is appropriate and believes that the Defendant's case law is inapposite. However, given the circumstances specific to this matter, the Plaintiff has agreed to this limited discovery window, which would not otherwise be appropriate from the Plaintiff's perspective.

B. *Defendant's Proposed Subjects of Discovery*

The parties agree that individual and class discovery should be phased. Bifurcating discovery is within this Court's discretion, and many courts around the nation have recognized that phasing discovery is the most efficient path when there are potentially dispositive threshold issues of liability in a putative class action. *See, e.g.*, *May v. Gladstone et al.*, 2:21-cv-02312, ECF Nos. 17, 19 (C.D. Cal. June 28, 2021); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5, 2020).

The parties therefore agree that:

- The first 90 days of discovery will be limited to expedited discovery on Plaintiff's individual claim (Phase 1 will be complete by September 1, 2023);

- Defendant may then file a dispositive motion within 30 days of the close of individual discovery (by October 1, 2023); and

- The parties will propose additional scheduling dates if the Court denies Defendant's motion for summary judgment, within ten days of such an order.

**5. Changes to Limitations in Discovery**

None.

**6. Electronic Discovery**

The parties expect much discovery will be in electronic form, but the parties do not believe an ESI special master is needed at this time. The parties will work together to develop an ESI discovery plan, if needed.

**7. Rule 16 or 26 Orders**

The parties have submitted (and the court has entered) a joint motion for the entry of a Confidentiality/Protective Order regarding treatment of documents produced in discovery.

**8. F.R.E. 502 Order**

The parties have not made any stipulation on this issue at this time and will proceed per Federal Rule of Evidence 502.

Dated: June 13, 2023.

| | |
|---|---|
| **PARONICH LAW, P.C.**<br>Anthony I. Paronich<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>T: (508) 221-1510<br>E: anthony@paronichlaw.com<br><br>By: *s/ Anthony I. Paronich*<br><br>**MURRAY MURPHY MOUL + BASIL, LLP**<br>Brian K. Murphy | **WATSTEIN TEREPKA, LLP**<br>Ryan D. Watstein<br>1055 Howell Mill Rd. 8th Floor<br>Atlanta, Georgia 30318<br>T: (404) 782-0695<br>E: ryan@wtlaw.com<br><br>By: *s/ Ryan D. Watstein*<br><br>**VON BRIESEN & ROPER, S.C.**<br>Maria DelPizzo Sanders |

| | |
|---|---|
| Jonathan P. Misny<br>1114 Dublin Road<br>Columbus, OH 43215<br>T: (614) 488-0400<br>F: (614) 488-0401<br>E: murphy@mmmb.com<br>E: misny@mmmb.com<br><br>*Attorneys for Plaintiff*<br><br>*\*with permission* | State Bar No. 1031037<br><br>411 East Wisconsin Avenue, Suite 1000<br><br>Milwaukee, WI 53202<br><br>T: 414.221.6652<br><br>E: maria.sanders@vonbriesen.com<br><br>*Attorneys for Defendant* |