## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JAMES C. HULCE, et al.,  : Case No. 2:23-cv-00159-LA

     :

   Plaintiff,   : Judge Lynn Adelman

     :

v.      :

     :

ZIPONGO, INC. dba FOODSMART, :

     :

   Defendant.   :

     :

     :

## PLAINTIFF'S ADDITIONAL FACTS REQUIRING DENIAL OF SUMMARY JUDGMENT

1. Foodsmart entered into a Master Services Agreement with CCHP on February 11, 2021 to provide its services to members of CCHP. (Scharen Dep., Ex. 3, § 2.1.)

2. Foodsmart and CCHP agreed in a section of their Agreement titled "**MARKETING**" that there would be "**Marketing Team Collaboration**," to include a "launch and ongoing enrollment and activation strategy." (Scharen Dep., Ex. 3, § 6.2) "Marketing materials" referred to in the contract included scripts for outbound calls and the content of text messages. (*Id.*, 31:3-13.)

3. The Foodsmart Service Order accompanying the Master Services Agreement further set forth "**Implementation and Marketing Requirements**" that included an "enrollment launch campaign" that included mobile SMS and requirements to promote Foodsmart. (Scharen Dep., Ex. 4.)

4. To generate new business, Foodsmart engages in aggressive multi-channel marketing campaigns which include outbound calls and text messages along with other promotional materials such as flyers, emails, and postal mailings. (Hulce Dep., 44:17-25.)

5.   Between 2021 and 2022, Plaintiff received approximately 20 calls from callers calling on behalf of Foodsmart.  (Hulce Dep., Ex. 2, Interrogatory No. 2.)  These included calls on May 17, 2022, June 4, 2022, June 7, 2022, December 7, 2022 and December 12, 2022.  (*Id.*, 60:5-70:4, Ex. 5.)  On some of these calls, the caller left a voicemail, while on others they did not.  (*Id.*)

6.   On June 4, 2022, the caller from caller ID (715) 364-5026 left a voicemail soliciting Plaintiff to sign up for a telehealth visit and complete a nutritional assessment:

> Hi James, this is Cassandra.  I'm calling on behalf of the Children's Community Health Plan and Foodsmart to let you know about a giveaway we are currently running as part of your CCHP membership.  You could be entered to $100 by participating in the zero cost Telehealth visit and completing a nutritional assessment.  Please call us back at 414-966-4599 as soon as possible so we can get you entered into the giveaway.

(Hulce Dep., Ex. 5.)

7.   Plaintiff received a call from that same caller ID on June 7, 2022 but the caller did not leave a voicemail.  (Hulce Dep., Ex. 5.)

8.   During the summer months of 2022, beginning around June 2022, Plaintiff spoke with live callers at least five times, in some cases telling the caller he was not interested or was already receiving care from another registered dietician and in some cases requesting to be removed from their marketing lists or calling lists.  (Hulce Dep., 73:12-74:13-75:7.)

9.   Plaintiff also received text messages from Foodsmart.  On October 27, 2022, Plaintiff received the following text:

October is the month of sweet treats &
pumpkin spice everything. Make meeting with
a personal dietitian part of your Fall routine &
balance your blood sugar 🫐

Bundle Up! Get a $25 gift card when you
complete a no cost visit in Oct., and $25 for
taking the **Foodsmart** Nutriquiz!
https://fdsmt.co/3NdUw1V 😊
Reply stop to unsubscribe.



Unknown • Oct 27, 2022

(Hulce Dep., Ex. 4.)

10. Plaintiff replied "STOP" but was still sent another text that stated: "You have been opted-out of receiving text messages from Foodsmart.  Remember, you can still log in to set up a free consultation with a nutrition coach to help you eat healthier."  (Hulce Dep., Ex. 4.)

11. Internally Foodsmart referred to such texts as "Text Marketing."  (Scharen Dep., Ex. 13, p. 3.)

12. Plaintiff sent CCHP a Formal Grievance Notice over the calls on November 10, 2022, informing CCHP that he was receiving "countless marketing communications regarding the Foodsmart Nutrition Program via phone calls, text messages, email and postal mail" despite requesting to be removed from Foodsmart marketing lists.  (Hulce Dep., Ex. 6.)

13. CCHP responded that "Chorus Community Health Plans completes the telephone and mailing portion of the marketing outreach, and Foodsmart completes the text and email portion." (Scharen Dep., Ex. 17).

14. CCHP further stated in its responsive letter: "Our Health Promotion Program Manager verified with Foodsmart that they updated their system to discontinue your texts and emails, however, there was a disconnection in your request being relayed to us.  As a result, you

continued to receive the telephone calls and letters by mail. The Health Promotion Program Manager also confirmed that a system is being put in place between our organizations to improve communications on member requests." (Scharen Dep., Ex. 17.) However, Foodsmart claims none of this is true. (*Id.*, 96:1-98:10; 102:4-104:13.)

15. On January 3, 2023, the caller from caller ID (715) 364-5026 left the following voicemail:

> Hi, my name is Shirley. I'm calling on behalf of your health plan Chorus Community Health Plan and Foodsmart to let you know about an exciting promotion members who meet with the nutrition coach paid for it by your health plan will be entered to win a $100 Walmart gift card. This is on top of the guarantee $25 grocery gift card you can receive for completing your first appointment. Please call us back at 877-526-0894 as soon as possible so we can get you scheduled. I look forward to speaking to you soon. Have a good day.

(Hulce Dep., Ex. 5.)

16. On January 4, 2023, Plaintiff received a similar voicemail from the same caller ID:

> Hi James, this is Jessica. I'm calling on behalf of your health plan Chorus Community Health Plan and Foodsmart to let you know about an exciting promotion members who meet with the nutrition coach paid for by your health plan will be entered into $100 Walmart gift card. This is on top of the guaranteed $25 grocery gift card that you would receive for completing your first appointment. Please call us back as soon as possible so we can get your scheduled [appointments] are filling up fast, and I look forward to speaking to you soon. Have a great day.

(Hulce Dep., Ex. 5.)

17. The same caller ID called Plaintiff again the next day asking to speak with him. (Hulce Dep., Ex. 5.)

18. CCHP had both "Commercial members" and "Medicaid members." For each type of member, Foodsmart followed the same process of billing CCHP for telenutrition visits separately and individually through claims. (Scharen Dep., Ex. 4.) "When someone meets with a dietician,

a claim is submitted from Foodsmart that's sent to the health plan to reimburse Foodsmart for the services offered" and Foodsmart is compensated separately for each visit that a CCHP member would have with a dietician. (*Id.*, 36:12-37:13.)

19. Foodsmart both employs and enters into independent contractor relationships with registered dieticians. (Scharen Dep., 39:1-11.)

20. For Commercial members, Foodsmart also used Subscription Pricing whereby CCHP paid Foodsmart a fee per eligible member per month, irrespective of whether the consumer used the service. (Scharen Dep., Ex. 4, 34:14-34:22.)

21. For Medicaid members such as Plaintiff, Foodsmart also used Utilization Based Pricing, whereby CCHP paid Foodsmart a fee per enrolled user [a user who either signs up for the app or meets with a dietician] per year. (Scharen Dep., Ex. 4, 34:23-35:18.)

22. The more users that enrolled with Foodsmart, the more revenue Foodsmart would earn from CCHP. (Scharen Dep., 35:19-36:16.)

23. Foodsmart acknowledged that saying its service was free and saying the cost is hundreds of dollars but the consumer's insurer is 100% covering the cost of it were two ways of saying the same thing: "Your health plan is paying for this so it's free to you…." (Scharen Dep., Ex. 7, 60:15-61:1.)

24. Foodsmart's services are also available to the general public. (Scharen Dep., 56:10-24.) Anyone can enroll and schedule telenutrition visits and pay for them out of pocket. (*Id.*)

25. Plaintiff found Foodsmart's telemarketing particularly annoying and offensive because:

> I … was growing annoyed with the marketing and outreach related
> to the Foodsmart program. I had never before seen that kind of
> intense multimodal outreach from a health care provider, and I
> didn't really feel like that was appropriate for a health care setting.
> I had associated those kind of behaviors before with more high-

pressure sales, which is not really, in my mind, appropriate for a
health care provider to do.

(Hulce Dep., 78:13-21.)

26. Roughly one third (20 out of 60) of the company's employees hold "marketing" positions, including Foodsmart's 30(b)(6) representative Jared Scharen - Senior Vice President of Marketing", Trevor Keating – "Director Growth Marketing", and Chad DeVos – "Product Marketing Manager." (Scharen Dep., Ex. 2.)

27. Foodsmart armed its callers with rebuttals to consumers who said they weren't interested. (Scharen Dep., Ex. 8, pp. 7-8.)

28. Foodsmart continued to call "cycled leads"—consumers that were called previously but dispositioned as not being interested. (Scharen Dep., Ex. 15.)

29. Foodsmart's Vice President of Marketing celebrated a successful campaign by calling it a "kick ass [ ] campaign." (Scharen Dep., Ex. 12.) He explained, "Do we also receive revenue from this so we can pay our dieticians and keep our lights on and continue expanding what we do? Yeah, we're a business." (*Id.*, 75:19-22.)

30. Foodsmart admits it made no effort to scrub its calling lists for campaigns to CCHP members for phone numbers on the National Do Not Call Registry. (Scharen Dep., 106:6.)


Respectfully submitted,

**/s/ Jonathan P. Misny**
 Brian K. Murphy
 Jonathan P. Misny
 Murray Murphy Moul + Basil LLP
 1114 Dublin Road
 Columbus, OH 43215

Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
      misny@mmmb.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: 617.485.0018
Fax: 508.318.8100
E-mail: anthony@paronichlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of December, 2023, the foregoing document was

electronically served via the CM/ECF system, upon the following:

Ryan D. Watstein
James M. Ruley
WATSTEIN TEREPKA LLP
1055 Howell Mill Rd. 8th Floor
Atlanta, Georgia 30318
Telephone: (404) 782-0695
E-mail: ryan@wtlaw.com
E-mail: jruley@wtlaw.com


Maria DelPizzo Sanders
State Bar No. 1031037
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414.221.6652
E-mail: maria.sanders@vonbriesen.com

*Attorneys for Defendant Zipongo, Inc. d/b/a
Foodsmart*

                                        **/s/ Jonathan P. Misny**
                                        Jonathan P. Misny